# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NATHANIEL SMILEY,**                                       **CASE NO.:**
         **Plaintiff,**

**v.**

**NATIONSTAR MORTGAGE LLC d/b/a**
**CHAMPION MORTGAGE COMPANY**
                 **Defendant.**
_____/

## COMPLAINT

COMES NOW Plaintiff Nathaniel by and through his undersigned counsel, sues the Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage Company and states the following:

1. This is an action for damages exceeding seventy-five thousand dollars ($75,000.00).

2. This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S. Code Section 1332.

3. Plaintiff is a citizen of the United States of America and the State of Florida at all times material to this action.

4. Defendant Nationstar Mortgage LLC is a Corporation is a citizen of Texas pursuant to 28 U.S.C. Section 1332 (c) (1).

5. The cause of action arose when Defendant was operating in the state of Florida.

6. The cause of action arose in the United States Middle District Court of Florida.

7. Defendant Nationstar Mortgage LLC has frequent contact with Hillsborough County, Florida and regularly conducted business in Hillsborough County, Florida. Defendant had its Florida employees engage in reverse mortgage business regarding Florida properties.

## FACTS

8. On or about October 8, 2007 Defendant Nationstar through its agents induced Plaintiff's Mother Elvira Smiley to acquire a reverse mortgage on homestead property. Plaintiff's mother owned ½ her property free and clear without any encumbrances. Defendant knew or should have know that Elvira Smiley did not have a legal right to enter into a contract for the entire parcel of property.

9. Defendant knew that Plaintiff's mother was not healthy, was elderly, was suffering from dementia and defendant desired to receive the property under a reverse mortgage contract to gain $160.000.00. Plaintiff' mother, Elvira Smiley, died on January 10, 2011.

10. Nationstar filed a Mortgage Foreclosure action against the Elvira Smiley, Nathaniel Smiley and all of his siblings on June 12, 2012, Case no. 12-CA-010152, Hillsborough County, Florida. Nationstar filed an Amended Mortgage Foreclosure Complaint on May 18, 2014 against Plaintiff. Nationstar filed a Second Amended Mortgage Foreclosure Complaint on October 29, 2015 against Plaintiff. Nationstar filed a Third Amended Complaint on March 4, 2018 against Plaintiff.

13. The reversed mortgage is attached to homestead real property (hereinafter "the Property") located at 605 Calhoun Avenue, Seffner, Florida and is legally described as Eastern Terrace Estates, Unit 1, Lot 1, Parcel Number U-35—28-20-26B-000000-00001.0, Folio Number 063580-0000, Hillsborough County, Florida.

14. George and Elvira Smiley were divorced on December 31, 1980 in <u>Smiley v. Smiley</u>, Case Number 80-8332, Division G, Hillsborough County, Florida. The court awarded Elvira Smiley

possession of the home and property until such time she remarries or until such time the youngest child becomes of age at which the property may be sold by agreement of the parties.

15. Elvira Smiley Davis signed the reverse mortgage application with Defendant Vertical Lend. She did not own 100% interest of the Property at the time the contract was signed and did not have the legal capacity to enter into a contract for a reverse mortgage with defendant for the entire parcel of property. Elvira Smiley had a possessory interest in the Property and was a co-tenant in the Property. (See, Final Judgment Dissolving the Marriage, Case No. 80-8332, Division G).

16. Plaintiff Nathaniel Smiley is the son of the George and Elvira Smiley and resides on the Property.

17. Plaintiff Nathaniel Smiley is the movant and beneficiary of George Smiley's Estate.

18. The Estate of George Smiley, Case Number 04-CP001540 did not initially name the Property in probate. The state court reopened the case and entered an order on Summary Judgment awarding the Plaintiff an 83.33% interest in the George Smileys' Estate.

19. Plaintiff and its agents directed Elvira Smiley to quitclaim her interest in the Property to her daughter Linata Smiley and they became cotenants of Elvira Smiley's on May 14, 2007. (See, Quitclaim Deed dated May 14, 2007).

20. Linata Smiley quitclaimed her interest in the Property to her mother Elvira Smiley on August 7, 2007. (See, attached Quitclaim Deed dated August 17, 2007).

21. Linata Smiley did not have the legal capacity or legal authority to quitclaim any interest of the George Smiley's Estate to Elvira Smiley on August 17, 2007, because the Property had not been probated to the siblings and Linata Smiley had not been appointed by the court as the Personal Representative of the Estate. (See, Case Number 04-CP001540).

22. Defendant's agent Vertical Lend induced and paid Elvira Smiley Davis to change her name from Davis to Smiley in 2007 in order complete the application for reverse mortgage. Elvira Smiley had remarried and was not legally authorized to sell or possess the property pursuant to divorce decree on <u>Smiley v. Smiley</u>, Case Number 80-8332, Division G, Hillsborough County, Florida.

23. Defendant's agent Vertical Lend induced Elvira Smiley to sign a Quitclaim Deed purporting to merge the interest of the Property of the Heirs and Devisees of George Smiley and Elvira Smiley Davis, grantor to Elvira Smiley Davis, grantee with the assistance of an employee of Vertical Lend, Mr. Oliver Pulisic of Enterprise Abstract LLC, Melville, NY on October 18, 2007.

24. Elvira Smiley did not have a legal right to sign a quitclaim deed on October 18, 2007 on behalf of the Heirs and Devises of George Smiley and merge their interest with her cotenant interest in the Property. (See, Quitclaim deed dated October 18, 2007).

25. The Defendant's agent/employee Oliver Pulisic of Enterprise Abstract LLC, Melville, N.Y., knew or should have known that Defendant Elvira Smiley was not the proper party to execute the quitclaim deed of October 18, 2007 on behalf of the Heirs and Devises of George Smiley.

26. The Defendant's agent Vertical Lend induced Elvira Smiley to transfer the interest of the Estate of George Smiley to herself because she did not own said interest in 2007. (See, attached Quit Claim Deed). Defendant Vertical Lend deliberately coached, induced, and assisted Elvira Smiley Davis to execute the improperly formed quitclaim deed of October 18, 2007 in order to have her qualify for the reverse mortgage that is at issue in this case.

27. Elvira Smiley did not qualify for the reverse mortgage if she had not been assisted by Defendant Vertical Lend to fraudulently merge the interest of the Property, to change her name to Davis and paid off all bills including a paying off the car note.

28. Defendant's agent's actions have clouded the title of the Property.

29. The Defendant's agent Vertical Lend induced Elvira Smiley to commit fraud in the execution of a Quit Claim Deed on or about October 18, 2007 in order to obtain a reverse mortgage that resulted in Plaintiff potentially losing interest in his mother's estate and causing litigation expenses.

30. The court entered an order on February 19, 2020 granting Defendant a mortgage lien against Elvira Smileys 's undivided one-half interest in the subject property.

## COUNT I
## MALICIOUS PROSECUTION

31. Plaintiff re-alleges and reasserts paragraphs 1 through 30.

32. Defendant initiated and continued a foreclosure action against the Plaintiff for 9 years.

33. Defendant filed four complaints against the Plaintiff in an attempt to foreclose on a parcel of property the the Plaintiff has ½ interest, which is located at 605 Calhoun Avenue, Seffner, Florida and is legally described as Eastern Terrace Estates, Unit 1, Lot 1, Parcel Number U-35—28-20-26B-000000-00001.0, Folio Number 063580-0000, Hillsborough County, Florida.

34. The Plaintiff has loss ½ interest in its property when the court entered an order on February 19, 2020 granting Defendant a mortgage lien against Elvira Smileys 's undivided one-half interest in the subject property.

35. The Court entered an order on August 23, 2016, in <u>Smiley v. Nationstar</u>, Case No. 16-cv-1065 providing that if the property has not been sold the Plaintiff cannot allege a claim for relief.

36. The Defendant continued to prosecute the Plaintiff after August 23, 2016.

37. The Defendant knew and should have known the Plaintiff owned ½ of the property as a result of an inheritance from his father, that the Plaintiff nor his father signed the reverse mortgage

contact and Elvira Smiley did not have the legal authority to mortgage Plaintiff's ½ interest in the property.

38. Defendant's prosecution of Plaintiff was malicious, and the principal action terminated in the Plaintiff's favor. Defendant was unable to foreclose on the Plaintiff.(See, Order dated February 9, 2020).

39. As a result of the malicious prosecution Plaintiff has been damaged. There is a ½ lien on his property. Plaintiff has spent $250.000.00 in legal fees to prevent his home from being foreclosed,

40. Defendant actions have damaged the Plaintiff and prevented him from inheriting the Property without a lien or encumbrance.

WHEREFORE based upon the foregoing facts the Plaintiff Nathaniel Smiley demands a $5,000,000.00 judgment against defendants for money damages, nullify the wrongfully acquired deed, quiet the title, attorney fees and cost, and a trial by jury.

Respectfully submitted,

*Carl Hayes*
Carl R. Hayes, Esquire
Florida Bar No. 942995
308 E. Dr. Martin Luther King Jr. Boulevard, Suite E
Tampa, Florida 33603
(813) 237-2392 Office
(813) 236-5717 Fax
Email:  hayescr1@verizon.net

CERTIFICATE OF SERVICE

I HEREBY certify that the Complaint has been filed with the Clerk of the Court, U.S. District Court, Tampa, Florida and was forwarded to Bank of America, Nationstar Mortgage LLC d/b/a Champion Mortgage Company register agent Tallahassee FL on this March 25, 2021.

Carl Hayes
Carl Hayes