UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL SMILEY,

    Plaintiff,

v.                                                                       Case No. 8:21-cv-0717-KKM-AAS

NATIONSTAR MORTGAGE LLC
d/b/a CHAMPION MORTGAGE
COMPANY,

    Defendant.
_____/

## ORDER

On June 18, 2021, Defendant Nationstar Mortgage, LLC, moved to dismiss Plaintiff Nathaniel Smiley's complaint. (Doc. 14). Because Smiley failed to timely respond to the motion, the Court treats the motion as unopposed. *See* Local Rule 3.01(c). And because Smiley fails to state a claim upon which relief may be granted, the Court **GRANTS** Nationstar's motion to dismiss. (Doc. 14).

In his complaint, Smiley alleges that Nationstar induced his mother, Elvira Smiley, to obtain a reverse mortgage on her home, even though Nationstar "knew or should have know[n] that Elvira Smiley did not have a legal right to enter into a contract for the entire parcel of property." (Doc. 3 at ¶ 8). After Elvira Smiley's death in January 2011, Nationstar filed a mortgage foreclosure action in state court against Smiley, his mother, and his siblings. (*Id.* at ¶¶ 9–10). On March 25, 2021, Smiley initiated this action,

alleging one count of malicious prosecution against Nationstar. (*Id.* at 5).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

To plead a claim for malicious prosecution under Florida law, Smiley must establish the following elements: "(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was

2

malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). Smiley's failure to establish any one of these six elements is "fatal to a claim of malicious prosecution." *Id.*

Smiley fails to meet several of the essential elements of his malicious prosecution claim. To begin, the "original proceeding" that Smiley complains of is still pending. Although Smiley alleges that "the principal action terminated in [Smiley's] favor," (Doc. 3 at ¶ 38), and that "[Nationstar] was unable to foreclose on [Smiley]," (*id.*), Nationstar's attachments to its motion to dismiss suggest otherwise.[1] Nationstar attached the state court order entered on February 19, 2020,[2] that Smiley cites for the proposition that "the principal action terminated in [his] favor." (*Id.*; Doc. 14, Exhibit B). The order grants-in-part and denies-in-part Nationstar's motion for summary judgment. (*Id.*). Rather than terminating the action in favor of Smiley, however, the order resolved only

---

[1] The Court may consider documents attached to a motion to dismiss "without converting the motion into one for summary judgment only if the attached document[s are]: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id.* Here, the documents that Nationstar attaches to its motion to dismiss are central to the elements of Smiley's malicious prosecution claim and, considering Smiley's failure to respond to the motion, unchallenged. Further, at least some of the attachments are public records, which present facts that are permissible for the Court to consider and of which the Court takes judicial notice. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (explaining that a "district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment" and that "[p]ublic records are among the permissible facts that a district court may consider").

[2] Although Smiley's parenthetical cites the "Order dated February 9, 2020," the Court believes the citation to February 9 (rather than February 19) is a typo in the light of the complaint's allegations and Smiley's reference to the state court's order entered on February 19, 2020, elsewhere in the complaint. *See* (Doc. 3 at ¶¶ 30, 38).

3

some of the issues—meaning it did not close the case or terminate the proceeding—and resolved those issues *against* Smiley. (Doc. 14, Exhibit B) (concluding that Nationstar's "mortgage lien is effective as a valid lien against Elvira Smiley's undivided one-half interest in the subject property" and that "[a]s such, the [m]otion is granted with respect to any claim or defense that relates to the effectiveness of [Nationstar's] mortgage lien against Elvira Smiley's undivided one-half interest, including" two of Smiley's affirmative defenses). Indeed, in his complaint, Smiley admits that the state court "entered an order on February 19, 2020 granting [Nationstar] a mortgage lien against Elvira Smiley's undivided one-half interest in the subject property." (Doc. 3 at ¶ 30). Nationstar also attached to its motion the state court proceeding's docket, which shows docket activity (an order on a discovery motion) as recently as June 10, 2021. (Doc. 14, Exhibit A). In the light of the evidence of the pending state court proceeding, and Smiley's failure to rebut this evidence, the Court concludes that Smiley has failed to allege "a bona fide termination of [the original] proceeding in [his] favor." *Alamo Rent-A-Car*, 632 So. 2d at 1355; *Union Oil of Cal. Amsco Div. v. Watson*, 468 So. 2d 349, 353 (Fla. 3d DCA 1985) (explaining that a "bona fide termination of the proceeding in the plaintiff's favor is an essential element of a malicious prosecution action" that is "satisfied by either a favorable decision on the merits or a bona fide termination of the proceedings").

Additionally, Smiley fails to allege facts that give rise to a reasonable inference that Nationstar lacked probable cause to initiate the foreclosure action. "To have

probable cause to commence or continue an action does not mean that the plaintiff will, or must, ultimately prevail, but only that his commencement or continuance is of an arguably valid cause of action." *Cohen v. Amerifirst Bank*, 537 So. 2d 1108, 1110 (Fla. 3d DCA 1989). Although Smiley argues that Nationstar induced Elvira Smiley to enter into the reverse mortgage and that Elvira Smiley did not have the legal authority to enter into such an agreement, he does not contend that Nationstar lacks a legal basis to file a foreclosure action. *See* (Doc. 3). Notwithstanding any affirmative defenses that Smiley may raise in the state court action, Nationstar—through its attachments—has established an "arguable right" to foreclose on the mortgage where Elvira Smiley entered into a reverse mortgage, passed away, and the reverse mortgage note provides that the "[l]ender may require immediate payment in full of all outstanding principal and accrued interest if . . . [a] [b]orrower dies and the Property is not the principal residence of at least one surviving [b]orrower," (Doc. 14, Exhibit C). *See Cohen*, 537 So. 2d at 1110 (holding that "the evidence not only . . . failed to establish a lack of probable cause for the continuation of the foreclosure proceedings, but [it] was clear and undisputed that Amerifirst continued the prosecution with probable cause" where, under the court's precedent, "Amerifirst had an arguable right to accelerate its note and foreclose the mortgage").

The failure to plead just one of these elements is fatal to Smiley's malicious prosecution claim. Considering that Smiley has failed to meet at least two of the elements, the Court concludes that Smiley has failed to state a claim upon which relief

5

can be granted. *See Union Oil of Cal. Amsco Div.*, 468 So. 2d at 355–56 (explaining that the court "need not reach the merits of appellant's other points on appeal" when the court found that one of the elements of the malicious prosecution claim—specifically, the bona fide termination of the proceeding of the plaintiff's favor—lacking).

Accordingly, it is **ORDERED**:

(1) Defendant Nationstar Mortgage, LLC's motion to dismiss (Doc. 14) is **GRANTED**.

(2) This case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff Nathaniel Smiley may not bring a claim of malicious prosecution under Florida law until there is a bona fide termination of the original proceeding in Smiley's favor. If that occurs one day in the future, he must file a new complaint alleging his malicious prosecution claim. Thus, because the state court proceeding—the "original proceeding"—is still pending, the Clerk is directed to terminate any pending motions or deadlines and to close this case.

**ORDERED** in Tampa, Florida, on July 7, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge